# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ANGELO RIVERA, 89-A-5778,

                Plaintiff,      MEMORANDUM AND ORDER

-vs-

                08-CV-6311-CJS-JWF

LARRY C. GLEASON, *et al.*,

                Defendants.

---

**Siragusa, J.** The Court is in receipt of a letter from Plaintiff, dated May 24, 2010, in which he asks for the following:

> I am respectfully requesting that you take this opportunity to put in writing an order to have me transferred out of this facility[1] and not sent back to this facility due to the fact that the defendant's [sic] in my civil action are employed at this facility, and, as long as I am housed at this facility, I will be subjected to being harassed, threatened denied the things that I am entitled to, and possibly, physically assaulted by the staff, all of which I am trying desparately [sic] to avoid.

(Angelo Rivera letter to the Court (May 24, 2010), at 2–3.) It does not appear from the face of the letter that a copy of the letter was served on counsel for Defendants, and Plaintiff filed no proof of service.

---

[1]Plaintiff does not identify the facility to which he is making reference. The inside address on Plaintiff's letter is: P.O. Box 2000, Pine City, New York 14871. The envelope has Southport Correctional Facility printed on it, thus, the Court presumes he is referring to Southport, which is a maximum security facility in the New York State Department of Correctional Services. Although not by any means determinative, the Court notes that Southport is defined as a "supermax" prison and that, "virtually all of its inmates have been transferred there after committing serious disciplinary infractions at some other prison in the state." Wikipedia, Southport Correctional Facilty, available at http://en.wikipedia.org/wiki/Southport_Correctional_Facility (last accessed May 26, 2010). If this is true, then it underscores the importance of hearing from Defendants before issuing injunctive relief.

The Court construes Plaintiff's motion as a request for injunctive relief under Federal Rule of Civil Procedure 65. That rule states in pertinent part, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). If the Court were to construe Plaintiff's applications as requests for entry of temporary restraining orders, it would have to find that,

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and…the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) & (B). Further, to grant either a temporary restraining order or a preliminary injunction, a plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted).

In his application, Plaintiff requests affirmative relief, not merely a return to the status quo. In that situation, the Second Circuit has advised :

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id*.… [T]his distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very

> serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

The Court determines that Plaintiff has not met the threshold requirements for *ex parte* injunctive relief. He relates nonspecific allegations of being denied food, recreation and showers and of having been threatened by several staff members with physical assault. He further states that both he and his family members have brought these issues to the attention of the superintendent, but nothing has been done. However, he has failed to serve opposing counsel; therefore, the Court is without the benefit of input from Defendants. Accordingly, Plaintiff's application seeking injunctive relief is denied, without prejudice.

IT IS SO ORDERED.

Dated: June 3, 2010
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge