# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

ANGELO RIVERA,

Plaintiff,

DECISION and ORDER

-vs-

08-CV-6311CJS

LARRY C. GLEASON II, C.O., *et al.*,

Defendants.

## INTRODUCTION

**Siragusa, J.** Before the Court is Defendants' motion for summary judgment, filed on March 4, 2009, ECF No. 48. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

On August 26, 2006, Rivera's cell at Southport Correctional Facility was searched by corrections officers. Rivera Dep. at 13–14, Jan. 6, 2009, ECF No. 51-2. In their search, the officers allegedly found cash and staff social security numbers. *Id*. at 14; Pl.'s Rule 56 Statement ¶ 2, ECF No. 56. On August 28, 2006, defendants, Correction Officers James H. Squires ("Squires") and Franklin D. Frisbee, Jr. ("Frisbee"),  escorted Rivera to be interviewed by Lieutenant David C. Augustine ("Augustine") regarding the items  alleged to have been found in his cell. At this interview, Rivera claims that Augustine assaulted him, and that Squires and Frisbee joined the assault, and as a result he sustained a bruise to his right eye. However, Defendants claim that Rivera kicked  Augustine, prompting force to be used against him.

Rivera never filed a grievance concerning the alleged assault. He did, however, write a letter to defendant Superintendent David F. Napoli ("Napoli") on September 20, 2006. In the letter, Rivera claims that he was assaulted by Augustine, Squires, and Frisbie. Rule 26 Disclosure, Ex. O at 36-8, ECF No. 25-2. Deputy Superintendent for Security Services Paul Chappius, Jr., investigated Rivera's assault claim and determined that no evidence supported it. P. Chappus Jr. letter to Plaintiff (Oct. 16, 2006), Rule 26 Disclosure, Ex. O, ECF No. 25-2.

On August 28, 2006, the same date as the purported assault, Rivera filed a grievance alleging that Correctional Officers Richard J. Cecce and Frisbie denied him lunch, as well as light, and water from August 28–30, 2006. Although this grievance does not allege retaliation, the subject complaint in this action states several times that he was retaliated against for allegedly possessing staff social security numbers, and that such retaliation consisted of harassment, including the denial of food, showers, hygienic supplies, lights, water, and mandatory recreation, along with the falsification of misbehavior reports. Compl. ¶ 38–40, ECF No. 1; Br. for Pl. Pro Se ¶ 9–11, ECF No. 1-3.

Subsequently, on May 1, 2008, Rivera filed a grievance specifically alleging retaliation. In that regard, Rivera claimed that he was harassed and denied a shower, and further states, "These type of actions has been taking place with several officers since August 26, 2006, when I was accused of having officer's social security #'s. Every [sic] since then, I have been retaliated against by this officer and several others." Pl.'s Verbal Harassment by Officer grievance (May 1, 2008) at 1, Rule 26 Disclosures, Ex. I, pp. 73-5, ECF No. 25.

Here, Rivera alleges that Defendants: (1) violated his Eighth Amendment rights against cruel and unusual punishment by the use of excessive force; (2) retaliated against him in violation of his First and Fourteenth Amendment rights to free speech and due process because he filed grievances and complaints and because of allegations that he possessed prison guards' social security numbers;[1] (3) conspired against him to violate his constitutional rights in violation of 42 U.S.C. § 1985; and (4) deliberately indifferent to his heath and safety by failing to protect him from prison guards' attacks.

In their Notice of Motion, Defendants included the following language in accord with Western District of New York Local Rule of Civil Procedure 56(b):

> PLEASE BE ADVISED, that pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint, but you must respond, by affidavits or as otherwise provided in the rule, setting forth further specific facts showing that there are genuine issues of material facts

---

[1]"Retaliation for the exercise of a prisoner's constitutional rights is impermissible under federal law." *Scott v. Reno*, 902 F. Supp. 1190 (C.D. Cal. 1995) (prisoner brought a Fifth Amendment due process claim against prison officials for improper transfer to another institution. Prisoner argues this was done in retaliation for demands to receive medical treatment. Such demands are essentially "speech;" therefore prisoner was retaliated against for exercising his First Amendment right to free speech). "The First and Fourteenth Amendments protect prison inmates who file a grievance from retaliation by prison officials and such retaliation is actionable under section 1983." *Rodriguez v. McClenning*, 399 F. Supp. 2d 228, 236 (S.D.N.Y. 2005); *see e.g., Wood v. Nesmith*, 62 F.3d 391 (5th Cir. 1995) (holding that "Wood raised an inference of retaliation for exercise of Fifth Amendment rights against self-incrimination." Wood refused to answer questions, and had his property destroyed as "pay back" for such refusal. Refusing to speak relates back to the First Amendment; therefore this is a First Amendment retaliation claim, although it is associated with the Fifth Amendment). "To survive summary dismissal, a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001).

for trial. Any factual assertions in our affidavit will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to the defendants' motion as described above, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case against the moving parties will be dismissed.

PLEASE BE FURTHER ADVISED, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short and concise statement of any material facts as to which you contend there exist a genuine issue for trial. In the absence of such a statement, all material facts set forth in defendants' Local Rule 56 Statement will be deemed admitted.

Notice of Motion at 1–2, Mar. 4, 2009, ECF No. 48.

## STANDARDS OF LAW

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc*., 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R.

Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## DISCUSSION

Defendants' argue that Rivera's causes of action should be dismissed for: (1) failure to exhaust his administrative remedies; (2) lack of evidence showing retaliation; (3) lack of  evidence showing an agreement between the defendants' to support a claim of conspiracy; and (4) lack of grievances alleging failure to protect. Def.s' Mem. of Law, Mar. 4, 2009, ECF No. 52. After reviewing the evidentiary proof on this motion, the Court finds that Defendants are entitled to summary judgment because Rivera failed to exhaust administrative remedies, and because evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the Rivera's burden of proof at trial with regard to retaliation. The Court reads Rivera's pleadings liberally. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[A] *pro se* complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers ...."); *McEachin v. McGinnis,* 357 F.3d 197, 200 (2d Cir.2004) ("[W]hen the plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.").

### *Failure to Exhaust Administrative Remedies*

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA") "no action shall be brought with respect to prison conditions under 1983…by a prisoner confined in

any…correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. §1997(e)(a). As the Court stated in *Reyes v. Punzal*, 206 F. Supp.

2d 431 (W.D.N.Y. 2002):

> In New York State, those remedies consist of a three-step review process.
> Once a grievance is submitted to the inmate grievance resolution committee
> ("IGRC"), (1) the grievance is investigated and reviewed by the IGRC, which
> is comprised of inmates and DOCS employees; (2) if appealed, the
> superintendent of the facility reviews the IGRC's determination; and (3) if the
> superintendent's decision is appealed, the Central Office Review Committee
> ("CORC") makes the final administrative determination. Only upon
> exhaustion of these three levels of review may a prisoner seek relief
> pursuant to § 1983 in federal court.

*Reyes*, 206 F. Supp. 2d at 432 (citations omitted).

Rivera does not maintain, nor do the motion papers and the Court's search of the

documents reveal, that he filed any grievances in relation to his claims of: (1) use of

excessive force; (2) conspiracy; or (3) failure to protect. Additionally, as to those claims,

the defendants have all raised failure to exhaust administrative remedies as an affirmative

defense, ECF No. 4-15; 17-18; and 24. Therefore, Rivera's claims relating to conspiracy

and failure to protect are dismissed for failure to exhaust. Although, regarding his

excessive force claim, Rivera, on September 20, 2006, did write a letter to Napoli. This

correspondence was not a grievance of the type to satisfy the PLRA. "Letters of complaint,

regardless of the addressee, are not part of the grievance process and do not satisfy the

exhaustion requirement." *Scott v. Gardner*, 287 F. Supp. 2d 477, 488-89 (S.D.N.Y. 2003)

(citing *Hemphill v. New York*, 198 F. Supp. 2d 546, 549 (S.D.N.Y. 2002)). Nevertheless,

even assuming, *arguendo*, that Rivera's letter to Napoli qualified as a grievance, "this only

constituted the *initiation* of an administrative process. Once such a process is begun,

however, the PLRA obligates an inmate to follow through and '*exhaust* all appeals before filing suit.'" *Ryan v. Lyder*, 01 CIV. 10057 NRB, 2002 WL 1990780 (S.D.N.Y. Aug. 28, 2002) (emphasis in original) (citing *Byas v. State of New York*, 99 CIV. 1673 (NRB), 2002 WL 1586963, at *2 (S.D.N.Y. July 17, 2002)). The investigation of Rivera's letter complaint to Napoli by Deputy Superintendent for Security Paul Chappius ("Chappius") revealed no evidence that Rivera had been assaulted. The evidence submitted on the pending motion does not show that Rivera appealed Chappius's conclusion. Therefore, even if Rivera's letter did qualify as a grievance, he still failed to exhaust all administrative remedies prior to filing this lawsuit. Consequently, Rivera's claims of excessive force, conspiracy, and failure to protect are dismissed for failure to exhaust administrative remedies.

The Court now turns to the retaliation claim, the only claim for which Rivera filed a grievance. It appears that after Rivera filed his grievance, it was investigated by Superintendent Sergeant Post, and appealed to the Central Office Review Committee (CORC). Since his grievance was appealed to CORC, Rivera has exhausted all of his administrative remedies with regards to the retaliation claim. However, in order

> To survive summary dismissal, a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech of conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.

*Eleby v. Simmons*, No. 02-CV-636, 2004 WL 1574062 (W.D.N.Y., June 21, 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). With regard to the retaliation claim, Rivera cannot, and does not, establish the first element—protected speech or conduct.

Rivera claims he was retaliated against after being accused of having staff social security numbers in his cell, which is by no means protected speech or conduct.

Rivera did make an attempt to argue retaliation for filing complaints and grievances in his response in opposition to Defendants' motion for summary judgment. Br. for Pl. Pro Se, ECF No. 56. However, aside from quoting case law, Rivera's only factual allegation in relation to his retaliation claim is as follows:

> Here, in this action, Mr. Rivera alleges he was beaten and caused to suffer pain at the hands of Defendants who retaliated against him because they believed he possessed co-workers social security number[s]. This retaliation continued when he was unlawfully stripped of all his privileges, food, recreation, showers, etc., and each time he wrote complaints/grievances the guards['] acts became intensified.

Br. for Pl. Pro Se at 8, ECF No. 56.

Rivera's own statement shows that any retaliation by Defendants concerned his possession of staff social security numbers, not for writing complaints and grievances. Rivera did not file any complaints or grievances until *after* the alleged retaliation took place. Thus, even though Rivera exhausted all of his administrative remedies with regards to the retaliation claim, his retaliation claim fails because he lacks the necessary evidence to establish a claim of retaliation.

## CONCLUSION

In sum, Rivera failed to exhaust administrative remedies with regards to his claims for (1) excessive force, (2) conspiracy, and (3) failure to protect. As for his claim of retaliation, the record before the Court on this motion reveals that Rivera also failed to exhaust his administrative remedies with regard to that retaliation, and in any event, his claim would still fail for lack of evidence establishing retaliation. Therefore, Defendant's

motion for summary judgment, ECF No. 48, is granted on the grounds of failure to exhaust administrative remedies and lack of evidence establishing a claim of retaliation. The Clerk is directed to enter judgment for Defendants and close the case.

IT IS SO ORDERED.

Dated:   July 18, 2012
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge